**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth Eugene HOLLOWAY,**
**Defendant–Appellant.**

**No. 99–10385.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 15, 2000.

Filed Jan. 5, 2001.

As Amended Aug. 31, 2001.

Arthur K. Wachtel, San Francisco, California, for the defendant-appellant.

Ismail J. Ramsey, Assistant United States Attorney, Oakland, California, for the plaintiff-appellee.

Before: SCHROEDER, NOONAN, and W. FLETCHER, Circuit Judges.

NOONAN, Circuit Judge:

Kenneth Eugene Holloway appeals his convictions in connection with the robbery of a credit union. We affirm in part, reverse in part, and remand for resentencing.

## FACTS

We set out the facts from the perspective of the government: On March 25, 1997, Holloway and two companions robbed at gun point the First United Services Credit Union (the credit union) in Alameda, California. He was captured by police within minutes of the robbery.

## PROCEEDINGS

On April 10, 1997, Holloway was indicted for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), for carrying a firearm in relation to a violent crime in violation of 18 U.S.C. § 924(c), and for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Holloway was appointed counsel from the Federal Public Defender's Office. On September 8, 1997, Holloway moved to replace her, alleging that she had failed "to object to questionable evidence" in the pretrial process. In an accompanying eleven–page "Statement of Facts" he declared that counsel should also have ob-

jected to the police reports of his arrest. On September 8, 1997, the district court held a hearing on Holloway's motion. The court told Holloway that the police reports could not be suppressed pre-trial but could be challenged by him at trial. His motion to replace counsel was not granted. On October 24, 1997, pursuant to a plea agreement, he pleaded guilty to the first two counts in the indictment.

Subsequently, Holloway moved to withdraw his plea and simultaneously moved to replace his counsel. On February 23, 1998, the court held a hearing on this motion and explored why Holloway wanted new counsel. At this hearing he was represented by an attorney from the Federal Public Defender's Office other than the lawyer who had first represented him. Holloway stated that his representation to date had been ineffective; that he had been coerced by counsel into entering his guilty plea; and that his relation with his first lawyer had so poisoned his mind that he had no faith in the Federal Public Defender's Office. He declared that he would not cooperate in his defense if the Federal Public Defender's Office continued to defend him. The court observed that Holloway had not given any examples of incompetent conduct and that counsel could not be removed because he didn't like them or wouldn't cooperate with them. The court invited Holloway to give examples; he did not do so. Holloway then asked to represent himself. He added, "I believe that the Public Defender's Office has some secret alliance with the U.S. Attorney's Office and works in cahoots to influence me, pressure me, coerce me to accept this deal offered by the government." He asserted that he had not committed the robbery and wanted to prove his innocence to a jury. The government offered no objection to withdrawal of his plea, and the court granted it. The court observed that Holloway would have the same difficulties with any other counsel as

he had with the Federal Public Defender. The court declined to replace counsel.

In May 1998 Holloway was tried, represented by the Federal Public Defender. After three days of trial he was convicted on all counts. He was sentenced to concurrent sentences of 35 years imprisonment on the first two counts and to a consecutive term of five years of imprisonment as a felon-in-possession.

Holloway appeals.

## ANALYSIS

■ *Assistance of counsel.* Under the Sixth Amendment, Holloway had the right to counsel to assist him. What is considered sufficient is representation that is competent. A "meaningful relationship" between client and counsel has been judged by high authority to be unnecessary to satisfy the Sixth Amendment. *Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). In the light of *Slappy*, the district court applied the proper standard after carefully examining whether Holloway had pointed to any incompetency on the part of counsel. *United States v. Roston*, 986 F.2d 1287, 1293 (9th Cir.1993). His desire to represent himself, expressed in a single sentence, was not pressed in the hearing nor has it been renewed on this appeal.

■ *The evidence of federal crime.* Witnesses testified that Holloway robbed the credit union. No witness testified that the credit union was at the time of the robbery insured by the National Credit Union Administration Board. A certificate of such insurance dated June 13, 1977 was introduced at trial, but there was no evidence that the insurance was currently in force. The statute is specific in making robbery of a state-chartered credit union a federal crime only if the credit union is so insured. 18 U.S.C. § 2113(g). The jury

was properly instructed that it must find this fact. As the government did not provide such evidence, an essential element of the crime was not proved. *United States v. Chapel,* 41 F.3d 1338, 1340 (9th Cir. 1994). On the evidence presented, no reasonable juror could have found the fact of federal insurance.

■ True, the point was not made by a motion for acquittal under Federal Rule of Criminal Procedure 29, so we reach it only by review for plain error. *United States v. Morfin,* 151 F.3d 1149, 1151 (9th Cir.1998). True, Federal Rule of Criminal Procedure 52(b) seems to make our review for plain error discretionary by stating that plain error "may be noticed." High authority again tells us that our discretion is not unfettered but "should" be exercised to reverse when "the integrity" of the trial has been impaired by the error. *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Here an element of the crime was simply not proved to the factfinders. There was no basis on which the jury could find that a credit union insured in accordance with the statute had been robbed. The integrity of the trial was impaired. *See Neder v. United States,* 527 U.S. 1, 10–11, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). We must, therefore, reverse Holloway's conviction under Count 1.

Count 2 depended on showing that Holloway committed a crime of violence for which he might be prosecuted in a court of the United States. 18 U.S.C. § 924(c)(1)(A). Failure to prove Count 1 was also failure to prove Count 2. The federally-insured status of the credit union had to be shown in order to establish a crime prosecutable in federal court.

*Felon-in-possession.* Failure of proof on the first two counts does not detract from Holloway's conviction as a felon in possession of a firearm.

Accordingly, the judgment of conviction on Counts 1 and 2 is VACATED, the judgment on Count 3 is AFFIRMED. The case is REMANDED for resentencing.