**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Donald R. CANTALOUPI, Jr. Defendant—Appellant.**

**No. 97–10382.**

**D.C. No. CR–96–00336–DFL.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 10, 2001 [1].

Decided Nov. 27, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a).

Before PREGERSON, and RAWLINSON, Circuit Judges, and WEINER, District Judge [2].

## MEMORANDUM [3]

Donald R. Cantaloupi, Jr. appeals his jury trial conviction for possession of an unregistered destructive device in violation of 26 U.S.C. § 5861(d) (Count 1) and possession of a destructive device not identified by a serial number in violation of 26 U.S.C. § 5861(i) (Count 2).[4]

Cantaloupi first argues that the government failed to establish an essential element of Count 1, namely that the destructive device he possessed was unregistered on the day he possessed it. He contends the registry search certificate introduced by the government did not establish that the pipe bomb was unregistered on the date of his arrest, because the certificate was prepared some sixteen months later, at which time the pipe bomb was in the custody and control of the United States. He focuses on language in the certificate which states the registry is "of all firearms not in the possession or under the control of the United States," to argue that there was no record of registry because on the date the search was conducted, the pipe bomb was in the possession of the United States. This argument has no merit.

The plain language of the certificate sufficiently established the lack of registration *at any time*, not just on the date the certificate was prepared. It provided that no evidence was found to conclude the "firearm or firearms described below are registered to, or have been acquired by" lawful means. Construing this language in the light most favorable to the government, it completely negated the fact of the pipe bomb having ever been registered since it not only spoke in the present tense—no firearms "are registered" to Cantaloupi—but also declared in the past tense that no firearms "have been" acquired by him by lawful means.

The cases cited by Cantaloupi to support his argument are inapposite. In *United States v. Allen*, 88 F.3d 765 (9th Cir.1996), a case involving fraud at a credit union, we held that the evidence of federal deposit insurance, a jurisdictional element of the charged offense, was insufficient where the government only asked the witness about the credit union's federal deposit insurance in the present tense. *Id.* at 768–69. We concluded that while this testimony might

---

**2.** Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

**3.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**4.** Cantaloupi was found not guilty on Counts 3 and 4 involving a second alleged device.

establish the credit union's insurance status on the date of trial, it did not establish that the credit union was insured when the defendant made his fraudulent statements. In *United States v. Holloway,* 259 F.3d 1199 (9th Cir.2001), we found that where no witnesses actually testified that the credit union was insured on the date of its robbery, and the only evidence of insurance was a certificate dated twenty years before the date of the robbery, there was insufficient evidence to show that the insurance was currently in force on that date.

■ Unlike in *Allen,* the evidence here was in the past tense as well as the present tense, establishing non-registration not only on the date of trial, but at all times prior to the date on the certificate. Unlike in *Holloway,* there was no significant gap of time between the date of the certificate and the date of the crime, so as to call into question the information certified. In short, any rational trier of fact could have found beyond a reasonable doubt from the information in the certificate that the pipe bomb was unregistered on the date it was seized from Cantaloupi's garage.[5]

Cantaloupi also argues that the government failed to prove that the pipe bomb was not identified as required by law. He asserts the government was required not only to prove the lack of a serial number—an issue he concedes—but also that another means of identification had not been authorized for the device. Implicit in Cantaloupi's argument is that negating the existence of an application for alternative identification is an element of the offense

created by 26 U.S.C. § 5861(i). He cites no case that supports this interpretation.

■ We find the statutory language makes alternative identification an affirmative defense to a charge that the firearm has no serial number. It is a "well established rule" that,

> a defendant who relies upon an exception to a statute ... has the burden of establishing and showing that he comes within the exception. *United States v. Freter,* 31 F.3d 783, 788 (9th Cir.1994) (internal quotation omitted). Where as in this case, the "statutory prohibition is broad and an exception is narrow, it is more probable that the exception is an affirmative defense." *Id.*

*United States v. Gravenmeir,* 121 F.3d 526, 528 (9th Cir.1997). Here, the statute broadly criminalizes possession of a firearm *"which is not identified by a serial number* as required by this chapter." 26 U.S.C. § 5861(i) (emphasis added). A narrow exception to the serial number requirement is provided for in the regulations in situations where engraving the number would be dangerous or impracticable and the maker receives authorization to use an alternative identification. *See* 27 C.F.R. § 179.102. The regulation is thus "an exception made by a proviso or other distinct clause" which the government "need not negative" to prove the elements of an offense. *Gravenmeir,* 121 F.3d at 528. Under the rule of *Freter,* the alternative identification provision must be deemed an affirmative defense rather than an element of the substantive offense. As Cantaloupi does not dispute that he of-

---

5. To the extent that defense counsel's failure to raise the registration issue in a timely motion for acquittal requires us to use a plain error standard of review, we find that failure does not rise to the level of ineffective assistance of counsel. Cantaloupi cannot show

prejudice arising from the late filing of the motion for acquittal, since the insufficiency argument raised in the untimely motion and repeated on appeal has no merit even if analyzed under a non plain error review.

fered no evidence of alternative identification, his conviction was proper.

AFFIRMED.