**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth Eugene HOLLOWAY,
Defendant–Appellant.**

**No. 01–10508.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 4, 2002.

Filed Oct. 30, 2002.

Arthur K. Wachtel and Maitreya Bada-mi, San Francisco, CA, for the defendant-appellant.

Michael Wang and Ismail J. Ramsey, Assistant United States Attorneys, Oak-land, CA, for the plaintiff-appellee.

Before: SCHROEDER, Chief Judge, NOONAN and W. FLETCHER, Circuit Judges.

NOONAN, Circuit Judge.

Kenneth Eugene Holloway files an interlocutory appeal from the district court's denial of his motion to dismiss a superseding indictment charging him with violation of the Hobbs Act, 18 U.S.C. § 3231. This court had reversed his conviction of armed robbery of a federally-insured credit union in violation of the Federal Bank Robbery Act (the FBRA), 18 U.S.C. § 2113(a) and (d). *United States v. Holloway,* 259 F.3d 1199, 1202 (9th Cir.2001). We hold that conviction of violating the FBRA necessarily establishes the facts that would be

needed for a conviction of violation of the Hobbs Act. The prosecution under the Hobbs Act therefore puts Holloway in jeopardy again for the same offense and violates the Double Jeopardy provision, U.S. Constitution, Amendment V.

## FACTS

On March 25, 1997, Holloway and two companions robbed at gun point the First United Services Credit Union (the credit union) in Alameda, California. He was captured by police within minutes of the robbery. *Id.* at 1200.

## PROCEEDINGS

On April 10, 1997, Holloway was indicted for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), for carrying a firearm in relation to a violent crime in violation of 18 U.S.C. § 924(c), and for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

In May 1998, Holloway was tried, represented by the Federal Public Defender. After three days of trial he was convicted on all counts. He was sentenced to concurrent sentences of 35 years imprisonment on the first two counts and to a consecutive term of five years of imprisonment as a felon-in-possession.

Holloway appealed. This court held that a statutory element of the crime was simply not proved to the factfinders. There was no basis on which the jury could find that a credit union insured in accordance with the statute had been robbed. The integrity of the trial was impaired. Failure to prove Count 1 was also failure to prove Count 2. But failure of proof on the first two counts did not detract from Holloway's conviction as a felon in possession of a firearm. Accordingly, Holloway's convictions on Counts 1 and 2 were vacat-

ed, and the case was remanded for resentencing on Count 3.

On May 24, 2001, the government secured a superseding indictment charging Holloway with violation of the Hobbs Act. Holloway moved to dismiss the indictment. On September 4, 2001, the district court denied the motion. On September 5, 2001, Holloway filed this appeal.

## ANALYSIS

■ Jurisdiction in this interlocutory appeal exists under an established exception to the usual requirement of finality. *Abney v. United States,* 431 U.S. 651, 659, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1997).

■ Holloway argues that an amendment of the FBRA in 1986 excludes bank robbery from coverage by the Hobbs Act. The amendment added a definition of "extortion" to the FBRA. The House committee report stated the purpose of the amendment was "to overrule those cases holding that only the Hobbs Act applies [to extortion of a bank], and those cases holding that both the Hobbs Act and 18 U.S.C. § 2193(a) apply, in order to make 18 U.S.C. § 2113(a) the exclusive provision for prosecuting bank extortion." H.R.Rep. No. 99–797 at 13.

Holloway's argument is defeated by the statutory amendment itself, which relates only to "extortion," not robbery. The committee report emphasizes that 18 U.S.C. § 2113(a) is being made exclusive only as to "bank extortion." The amendment has no bearing on this case.

■ Holloway's second argument, however, is successful. Any proof of violation of the FBRA is necessarily a proof of the violation of the Hobbs Act. The elements of bank robbery are the use of force, violence, or intimidation to take or attempt to take any property in the custody of the financial institutions defined in § 2113(g).

Proof of these elements is also proof of robbery affecting interstate commerce in violation of the Hobbs Act.

■ The power of Congress to create, support, or protect financial institutions is not enumerated in the Constitution. This power is implied from the enumerated power of Congress to regulate commerce between the states. *M'Culloch v. Maryland*, 17 U.S. (4 Wheat) 316, 353–54, 4 L.Ed. 579 (1819). Only financial institutions that are instruments of interstate commerce fall within the protection of the FBRA. To rob an instrument of interstate commerce is to impede the flow of such commerce.

The government argues that *United States v. Maldonado–Rivera*, 922 F.2d 934, 982 (2d Cir.1990) is to the contrary. The court in that case applied *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) to determine if Congress intended cumulative punishments under the FBRA and the Hobbs Act. The analysis of the court stopped short by not acknowledging that every violation of the FBRA would also establish a Hobbs Act violation. The inadequacy of the analysis undermines the persuasive authority of the case.

■ Robbery of a federal bank or federally-insured credit institution cannot be abstracted from robbery affecting interstate commerce. It is impossible to violate the FBRA without violating the Hobbs Act. Any offense under the FBRA is an offense included within the Hobbs Act. *Schmuck v. United States*, 489 U.S. 705, 719–20, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1988). Accordingly, prosecution of Holloway for violating the Hobbs Act puts him in double jeopardy in violation of Article V of the Constitution of the United States.

The judgment of the district court is REVERSED. The indictment is DISMISSED.