**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
 *Plaintiff-Appellee,*

v.

JOE CHARLES BEAUDION,
 *Defendant-Appellant.*

No. 04-30197

D.C. No.
CR-03-00181-JWS

OPINION

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted
February 18, 2005—Seattle, Washington

Filed July 19, 2005

Before: Betty Binns Fletcher and Ronald M. Gould,
Circuit Judges, and Samuel P. King,* District Judge.

Opinion by Judge Gould

*The Honorable Samuel P. King, Senior United States District Judge
for the District of Hawaii, sitting by designation.

**COUNSEL**

Kevin F. McCoy, Assistant Federal Defender, Anchorage, Alaska, for the defendant-appellant.

Mark A. Rosenbaum, Assistant U.S. Attorney, Anchorage, Alaska, for the plaintiff-appellee.

---

## OPINION

GOULD, Circuit Judge:

Joe Charles Beaudion appeals the sentence resulting from his guilty plea to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Beaudion to 33 months for bank robbery and 84 months for "brandishing" the firearm in the robbery, with the latter period determined in accordance with the graduated scale of mandatory minimum sentences in § 924(c)(1)(A)(i)-(iii). Beaudion challenges the district court's decision to apply the mandatory minimum sentence for "brandishing" the firearm, rather than for simple "use" of the firearm, which provides a lower minimum sentence. Beaudion argues that the statutory terms "use" and "brandish" are ambiguous, and that as a result the statutory scheme provides two different sentences for the same conduct. Beaudion also argues that, under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), the factual determination of "brandishing" for purposes of establishing a statutory minimum sentence must be admitted by the defendant or proved by a jury beyond a reasonable doubt. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

## I

At about 11 a.m. on December 16, 2003, Joe Beaudion entered the Wells Fargo Bank in Eagle River, Alaska wearing a ski mask and carrying a sawed-off .22 caliber rifle and a duffel bag.[1] With the rifle in plain view, Beaudion approached

---

[1] These facts are taken from Beaudion's Presentence Report, which was adopted expressly by the district court in its findings of fact.

a bank teller window, saying, "No one has to get hurt. Just hand over the large bills." He removed a plastic grocery bag from his duffel bag, placed the grocery bag on the teller's counter, and repeated, "Hand over the large bills." Beaudion also set his rifle in open view on the counter, without taking his hand off it. Moving to the next teller window, Beaudion again placed his rifle on the counter, took out another bag, and repeated, "Give me all your money, give me the large bills."

Beaudion repeated this routine with the remaining three tellers. During that time he left the rifle displayed on the second teller's counter and walked back and forth in front of all the tellers, demanding, "Don't give me the little stuff, give me the big stuff, want the big stuff." The tellers complied by stuffing money in the grocery bags. When the tellers were finished, Beaudion collected the bags, retrieved his rifle, and left the bank. He drove to a nearby bar where he was arrested several hours later.

The grand jury returned a two-count indictment charging Beaudion with bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and with using a firearm in connection with the robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Count two charged that Beaudion "did knowingly use, carry, and brandish" a firearm in connection with the robbery charged in count one. Beaudion pleaded guilty to both counts. He acknowledged carrying the rifle during the robbery, and that everyone in the bank saw him with the rifle, but he disputed that his conduct constituted brandishing. The district court concluded that Beaudion brandished the weapon during the bank robbery and sentenced him to the statutory seven-year minimum for brandishing. The district court also sentenced Beaudion to 33 months for the robbery pursuant to the permissible sentencing range of the United States Sentencing

Guidelines, for a total of 117 months. Beaudion timely appealed.[2]

## II

Beaudion argues that there is no distinction between "use" and "brandish" under 18 U.S.C. § 924(c) because "one cannot use a firearm without also brandishing it." In his view, the statutory scheme metes out two different punishments for the same conduct. In light of this alleged ambiguity and in accordance with the rule of lenity, *see United States v. Jolibois*, 294 F.3d 1110, 1113 (9th Cir. 2002),[3] Beaudion requests we vacate the seven-year portion of his sentence assessed pursuant to the "brandishing" mandatory minimum sentence, and remand for re-sentencing with the mandatory minimum sentence established at five years for the "use" of a firearm.

**[1]** Our analysis begins with the plain language of § 924(c). *See, e.g.*, *Gwaltney of Smithfield, Inc. v. Chesapeake Bay Found., Ltd.*, 484 U.S. 49, 56 (1987) ("It is well settled that 'the starting point for interpreting a statute is the language of the statute itself.' "); *see also Wilderness Soc'y v. U.S. Fish & Wildlife Service*, 353 F.3d 1051, 1060 (9th Cir. 2003) (en banc). 18 U.S.C. § 924(c)(1) provides a three-tier sentencing framework, increasing the mandatory minimum sentence in correlation to the severity of the firearm's involvement with the crime:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . uses

---

[2]We review de novo a district court's interpretation of a federal statute. *May Trucking Co. v. Oregon Dep't of Transp.*, 388 F.3d 1261, 1265 (9th Cir. 2004). We also review de novo whether a sentence was imposed illegally. *United States v. Hanna*, 49 F.3d 572, 576 (9th Cir. 1995).

[3]The rule of lenity generally "requires the sentencing court to impose the lesser of two penalties where there is an actual ambiguity over which penalty should apply." *Jolibois*, 294 F.3d at 1113.

or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

"Brandish" is defined in subsection (D)(4):

For purposes of this subsection, the term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

18 U.S.C. § 924(c)(1)(D)(4). To "brandish" a weapon for purposes of § 924(c)(1), then, requires: 1) the open display of the firearm, or knowledge of the firearm's presence by another in some manner, and 2) the purpose of intimidation.

**[2]** Next we must determine the statutory meaning of "use," which is not defined by § 924(c). First, the Supreme Court has construed "use" in analyzing a previous version of § 924(c), determining that "use" meant "active employment," or something more than simple possession. *See Bailey v. United States*, 516 U.S. 137, 149-51 (1995) (holding that defendants who passively stored firearms for later use could not be considered "using" a firearm for the purposes of § 924(c)), *superseded by statute as stated in United States v. Grace*, 367 F.3d 29, 35 & n.4 (1st Cir. 2004). The Court in *Bailey* gave some

examples: "The active-employment understanding of 'use' certainly includes brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm. . . . [E]ven an offender's reference to a firearm in his possession could satisfy § 924(c)(1)." *Id.* at 148. Under the Court's interpretation in *Bailey*, "use" would encompass other actions besides "brandishing," like the "bartering" of a firearm, which belies Beaudion's premise that the terms overlap completely. *Id.*; *see also Smith v. United States*, 508 U.S. 223, 240-41 (1993) (holding that the exchange of a firearm for narcotics constitutes "use" of a firearm under § 924(c)(1)).**⁴**

**[3]** Second, when terms are not otherwise defined, we must interpret them "as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979). "Use" commonly has numerous meanings which, unlike the statutory definition of "brandish," are not limited by intimidatory purpose nor knowledge of the firearm by another. 2 The New Shorter Oxford English Dictionary

---

**⁴**Subsequent congressional amendment of § 924(c)(1) superseded the Court's holding in *Bailey* that possession of a firearm was insufficient to trigger the five-year mandatory minimum sentence. *See* 18 U.S.C. § 924(c)(1)(A), *as amended by* Pub. L. No. 105-386, 112 Stat. 3469 (1998) (adding possession of a firearm in furtherance of the crime as action sufficient to apply the five-year mandatory minimum sentence). Because "the meaning of statutory language, plain or not, depends on context," *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991), we must also consider how the post-*Bailey* 1998 amendment of § 924(c)(1) altered the meaning of "use." *Bailey*, 516 U.S. at 143 (" 'Use' draws meaning from its context, and we will look not only to the word itself, but also to the statute and the sentencing scheme, to determine the meaning Congress intended.").

The addition of "possess[ion] [of] a firearm" clearly broadens the realm of possible conduct that qualifies for the five-year mandatory minimum sentence. The 1998 amendments also added the definition of "brandish." *See* Pub. L. 105-386, 112 Stat. 3469 (1998). That Congress added a specific and narrow definition for "brandish" while simultaneously broadening the type of conduct grouped with "use" further supports the conclusion that the two terms are distinct.

3531-32 (1993); *cf. Taylor v. United States*, 495 U.S. 575, 596 (1990) (instructing that the rule of lenity "cannot dictate an implausible interpretation of a statute, nor one at odds with the generally accepted contemporary meaning of a term"). Many concealed uses of a weapon are prime examples of "uses" that do not constitute "brandishing." For example, if Beaudion had used the butt of his rifle to break the bank's padlock, or had snuck up on a guard and used the firearm to knock him unconscious, he would have used his rifle in the robbery without brandishing it. That each instance of "brandishing" will necessarily include the "use" of a firearm is unsurprising because § 924(c) creates a tiered framework, with both of the more serious tiers, discharge of a firearm or brandishing a firearm, naturally a subset of the most general level of use of a firearm. Use can occur without brandishing, and brandishing can occur without discharge, notwithstanding that brandishing and discharge are each a type of use. The terms at issue here, brandishing and use, are not ambiguous because, as illustrated by the above examples, "use" frequently may occur without an instance of "brandishing," as will be the case where a firearm is used without displaying it to anyone.

## III

**[4]** Beaudion next argues that, after *Blakely* and *Booker*, the Sixth Amendment requires that the determination of whether he "brandished" the firearm be decided by a jury and not by the district court.[5] *See Blakely*, 124 S. Ct. at 2537 ("[T]he relevant 'statutory maximum' is not the maximum sentence a

---

[5]We review for plain error because Beaudion did not raise his Sixth Amendment challenge below. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc); Fed. R. Crim. P. 52(b). Plain error requires: (1) "error," (2) that is "plain," and (3) that "affects substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993). An error not plain to the district court but which becomes plain by the time of appeal qualifies as plain error. *Johnson v. United States*, 520 U.S. 461, 468 (1997).

judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings."). The Supreme Court addressed the constitutionality of the mandatory minimum sentences of § 924(c) in *Harris v. United States*, holding that a judicial finding that a defendant brandished a firearm under 18 U.S.C. § 924(c)(1) was constitutionally sufficient to impose a mandatory minimum sentence. 536 U.S. 545, 567-68 (2002) ("That factor [brandishing] need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt.").

[5] Beaudion argues that *Harris* is no longer good law in light of the Court's subsequent decisions in *Blakely* and *Booker*. That question is not properly before us because the District Judge in this case did not have to make any factual findings to conclude that Beaudion brandished the rifle. Count two of Beaudion's indictment, to which he pleaded guilty, charged that he "did knowingly use, carry, and brandish" the rifle in connection with the bank robbery in violation of § 924(c)(1)(A)(ii). Beaudion admitted that he walked into the bank holding the rifle in plain view and laid it on the counter as he demanded the tellers give him cash. Beaudion merely denied that these facts legally amounted to brandishing.[6] That the district court disagreed with his legal argument does not raise a Sixth Amendment issue.

## IV

[6] We hold that "use" and "brandish" have distinct meanings within the statutory framework of 18 U.S.C. § 924(c). We affirm Beaudion's sentence under 18 U.S.C. § 924(c) for brandishing a firearm in the robbery.

[7] Although Beaudion does not raise the issue on appeal,

---

[6]Beaudion objected to the testimony alleging that he pointed the rifle at the tellers, but this fact is unnecessary to conclude that he brandished the rifle for purposes of § 924(c)(1)(A)(ii).

the district court sentenced Beaudion under the premise that the United States Sentencing Guidelines were mandatory. We now know the Guidelines are advisory. *Booker*, 125 S. Ct. at 755-56. Pursuant to *Ameline*, 409 F.3d 1073, 1084 (9th Cir. 2005) (en banc), we ordered the parties to file supplemental briefs indicating whether either party wished to pursue a remand. *See also United States v. Moreno-Hernandez*, No. 03-30387, 2005 WL 1560269, *9 (9th Cir. July 5, 2005). Beaudion responded affirmatively. *Ameline*, 409 F.3d at 1084 ("If an eligible party seeks resentencing under *Booker/Fanfan*, we will then engage in the plain error analysis described in this opinion."). We conclude from the district court's comments at Beaudion's sentencing hearing that there is "a reasonable probability that [Beaudion] would have received a different sentence had the district judge known that the sentencing guidelines were advisory." *Id.* at 1078. Accordingly, we VACATE Beaudion's sentence and REMAND for resentencing.

**AFFIRMED** in part, **VACATED** and **REMANDED** in part.