**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Albert Tito PEREZ, Defendant–
Appellant.**

No. 04–30498.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Bernard F. Hubley, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

John P. Rhodes, Esq., Federal Defenders of Montana, Missoula, MT, for Defendant–Appellant.

Before: O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM **

Albert Tito Perez appeals his 70–month sentence imposed following his guilty plea conviction for one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), one count of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and 24 counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the sentence and remand for resentencing.

Perez contends that his sentence should be remanded because (1) the district court believed it lacked authority to depart downward based on a disparity between sentences of co-defendants, and (2) because *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), requires a remand for re-sentencing.

We vacate and remand for re-sentencing under the post-*Booker* advisory guidelines

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

because Perez requested a remand and we conclude from the district court's comments at Perez' sentencing hearing that there is a "reasonable probability that [Perez] would have received a different sentence had the district judge known that the sentencing guidelines were advisory." *United States v. Beaudion,* 416 F.3d 965, 970 (9th Cir.2005).

**Sentence VACATED and REMANDED.**