**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

          v.

ALBERT TITO PEREZ,
                    *Defendant-Appellant.*

No. 06-30161

D.C. No.
CR-04-00013-
1-DWM

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted December 8, 2006*
Portland, Oregon

Filed January 31, 2007

Before: Jerome Farris, Richard R. Clifton, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

---

*The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

## COUNSEL

John P. Rhodes, Esq., Assistant Federal Defender, Federal Defenders of Montana, Missoula, Montana, for the defendant-appellant.

Timothy J. Racicot, Assistant United States Attorney, Office of the United States Attorney, Missoula, Montana, for the plaintiff-appellee.

## OPINION

BEA, Circuit Judge:

After *United States v. Booker*, 543 U.S. 220 (2005), we adopted a limited remand procedure for certain cases in which the defendant had failed to object to the use of mandatory sentencing guidelines. Specifically, in cases where the record of trial is insufficient for us to determine whether the district court would have imposed a different sentence had it known the sentencing guidelines were advisory, we now require a so-called "limited *Ameline* remand." *See United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc). Under such a remand, the district court is given the opportunity to consider whether it would have imposed the same sentence had the guidelines been only advisory at the time of initial sentencing. If the district court decides it would have imposed the sentence regardless of the now-advisory nature of the guidelines, the sentence stands. If the district court decides the sentence would not have been the same, then a full re-sentencing will take place. *Id.* at 1079, 1084-85.

However, where the trial record is sufficient for us to determine that but for the mandatory nature of sentencing guidelines pre-*Booker* there is a reasonable probability the sentence would have been different, the sentence is vacated and the

case remanded for a full re-sentencing; a "limited *Ameline* remand" is not the correct result. *See United States v. Beaudion*, 416 F.3d 965, 970 (9th Cir 2005); *Ameline*, 409 F.3d at 1083 ("[T]he limited remand is invoked only when it cannot be determined from the record whether the judge would have imposed a materially different sentence had he known that the Guidelines are advisory rather than mandatory.")

On a previous appeal in this case, we found the trial record sufficient to "conclude from the district court's comments at Perez' sentencing hearing that there is a reasonable probability that [Perez] would have received a different sentence had the district judge known that the sentencing guidelines were advisory" and remanded for a full re-sentencing. *United States v. Perez*, 142 F. App'x 305, 305-06 (9th Cir. 2005) (unpublished memorandum disposition) (internal quotation marks and citation omitted). Rather than do just that, the trial court took it upon itself to perform a "limited *Ameline* remand" and ratified the original sentence without the benefit of the new, full re-sentencing we had found necessary. It should not have done so.

**Facts**

In 2004, Albert Tito Perez ("Perez") pleaded guilty to conspiracy to distribute methamphetamine, distribution of methamphetamine, and money laundering. Perez was sentenced to a term of 70 months imprisonment. Perez appealed, requesting re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005).

On appeal, we held:

> We vacate and remand for re-sentencing under the post-*Booker* advisory guidelines because Perez requested a remand and we conclude from the district court's comments at Perez' sentencing hearing that there is a "reasonable probability that [Perez]

would have received a different sentence had the district judge known that the sentencing guidelines were advisory." *United States v. Beaudion*, 416 F.3d 965, 970 (9th Cir. 2005).

### Sentence VACATED and REMANDED.

*Perez*, 142 F. App'x at 305-06 (unpublished memorandum disposition).

On remand, the district court scheduled a sentencing hearing for November 2, 2005. The re-sentencing hearing was rescheduled for February 16, 2006 because Perez was hospitalized with valley fever.

On January 13, 2006, because Perez remained hospitalized, Perez filed an unopposed motion to reschedule the re-sentencing hearing. Rather than reschedule the re-sentencing hearing, the district court, without soliciting the views of counsel, entered the following order:

> This case was remanded from the Ninth Circuit Court of Appeals for limited review under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc). *See United States v. Garibay-Garibay*, 141 Fed. Appx. 664 (9th Cir. 2005). After a review of the record, I conclude that the sentence imposed would not have been materially different had I known the United States Sentencing Guidelines were advisory. Therefore, the Defendant will not be resentenced and the Judgment imposed on October 15, 2004 remains in full force and effect. Accordingly, the resentencing hearing set for February 16, 2006 is vacated.

Dist. Ct. Order, Feb. 2, 2006.

### Standard of Review

This court "review[s] de novo a district court's compliance with the mandate of an appellate court." *United States v. Kellington,* 217 F.3d 1084, 1092 (9th Cir. 2000).

**Analysis**

**[1]** Did the district court have the power (sometimes called "jurisdiction") to conclude as it did, without a full re-sentencing including an opportunity for the defendant to address the court, *i.e.*, an allocution? To decide that, we look to what this court told the district court to do when we returned the case: the rule of mandate.[1] *See id.* at 1092. "According to the rule of mandate, although lower courts are obliged to execute the terms of a mandate, they are free as to anything not foreclosed by the mandate, and, under certain circumstances, an order issued after remand may deviate from the mandate if it is not counter to the spirit of the circuit court's decision." *Id.* at 1092-93 (internal quotation marks, citations, and alterations omitted).

**[2]** "[T]he ultimate task is to distinguish matters that have been decided on appeal, and *are therefore beyond the jurisdiction of the lower court*, from matters that have not[.]" *Id.* at 1093 (emphasis added).[2] In doing so, we consider "the opinion the mandate purports to enforce as well as the procedural posture and substantive law from which it arises." *Id.*

---

[1]"The rule of mandate is similar to, but broader than, the law of the case doctrine. The rule of mandate requires a lower court to act on the mandate of an appellate court, without variance or examination, only execution." *United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006), cert. denied, 127 S. Ct. 319 (2006) (internal quotation marks and citations omitted).

[2]"When a case has once been decided by this court on appeal, and remanded to the [district] court, *whatever was before this court, and disposed of by its decree*, is considered as finally settled. The [district] court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, *upon any matter decided on appeal*; or intermeddle with it, further than to settle so much as has been remanded." *Kellington*, 217 F.3d at 1093 (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)).

Here, such consideration leads us to hold the district court erred in conducting a limited *Ameline* remand because a limited *Ameline* remand was ruled out by our decision that "there is *a reasonable probability* that [Perez] would have received a different sentence had the district judge known that the sentencing guidelines were advisory." *Perez*, 142 F. App'x at 306 (emphasis added) (internal quotation marks and citations omitted).

**[3]** As our memorandum disposition resolving Perez's first appeal established, the record on Perez's first appeal was, unlike the more frequent case where the record is not determinative, sufficient to permit us to make a determination regarding the third prong of plain error analysis[3] of Perez's unpreserved *Booker* error. *See Perez*, 142 F. App'x at 305-06. We held Perez satisfied his burden to "demonstrate a *reasonable probability* that he would have received a different sentence had the district judge known that the sentencing guidelines were advisory." *Ameline*, 409 F.3d at 1078 (emphasis added). Accordingly, under the rule of mandate, the conduct of a limited *Ameline* remand was squarely foreclosed because we specifically addressed and resolved the issue: the record *was* sufficient to determine Perez met his burden as to the third prong of clear error analysis.

**[4]** Nevertheless, when Perez's re-sentencing hearing was twice delayed, the district court *sua sponte* converted our remand for a full re-sentencing into a limited *Ameline* remand and concluded that the sentence imposed would not have been materially different had the district court known the sentencing guidelines were advisory. *See* Dist. Ct. Order, Feb. 2, 2006. Under the rule of mandate, this was jurisdictional error

---

[3]Plain error is "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 631 (2002) (citation, alteration and internal quotation marks omitted). Here, the third prong was whether the application of mandatory sentencing guidelines affected the outcome of Perez's sentencing. *See Ameline*, 409 F.3d at 1078.

because that factual question was settled on appeal and, therefore, the district court was not free to "review it, even for apparent error." *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895).

The Government argues that any error was harmless. It may turn out that after a full re-sentencing, to include defendant's allocution, the district court decides the initial sentence was indeed proper and imposes it again. We will not prejudge that result; but neither should have the district court. Further, we have "never held that the failure to follow instructions on remand might be subject to inquiry into the harmlessness of that error," *United States v. Montgomery*, 462 F.3d 1067, 1072 n.3 (9th Cir. 2006), and we decline to begin doing so here.

## Conclusion

**[5]** For the foregoing reasons, we vacate and remand for a full re-sentencing under post-*Booker* advisory guidelines.

**Sentence VACATED and REMANDED.**