Dwight E. WININGER, on behalf of himself and all others similarly situated; Charlene E. Sutherland; Gary T. Charlebois, Plaintiffs–Appellees,

Joel M. Boyden; Frances M. Donovan; Charles F. Odenbach; Pedro P. Ponce, Randy Price; John Pullen; Gregory Stoia, Intervenors–Appellants,

v.

SI MANAGEMENT L.P., a limited partnership, et al, Defendant.

Dwight E. Wininger, on behalf of himself and all others similarly situated; Charlene E. Sutherland; Gary T. Charlebois, Plaintiffs–Appellants,

Frances M. Donovan; Charles F. Odenbach; Pedro P. Ponce, Randy Price; John Pullen; Gregory Stoia; Joel M. Boyden; Randy Price; John Pullen; Gregory Stoia, Intervenors–Appellees,

v.

SI Management L.P., a limited partnership, et al, Defendant.

Nos. 05–16107, 06–15301.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 19, 2007.

Filed Aug. 1, 2007.

Gilmur R. Murray, Esq., Murray & Howard, Oakland, CA, Robert W. Mills, Esq., The Mills Law Firm, San Rafael, CA, Craig B. Smith, Esq., Smith, Katenstein, Furlow, LLP, Wilmington, DE, for Plaintiffs–Appellees/Plaintiffs–Appellants.

William H. Bode, Esq., William H. Bode & Associates, Washington, DC, Charles M. Kagay, Spiegel Liao & Kagay, LLP, San Francisco, CA, for Intervenors–Appellants.

Derek G. Howard, Esq., Murray & Howard, Oakland, CA, Fred H. Altshuler, Esq., Altshuler Berzon Nussbaum Rubin & Demain, Jonathan R. Bass, Esq., Coblentz Patch Duffy & Bass, LLP, San Francisco, CA, for Plaintiffs–Appellants.

* The Honorable Timothy Mark Burgess, United States District Judge for the District of Alaska, sitting by designation.

Before: KLEINFELD and THOMAS, Circuit Judges, and BURGESS *, District Judge.

### MEMORANDUM **

In these consolidated cases, we consider whether the district court properly awarded attorneys' fees to counsel for both the class representatives ("Plaintiffs' counsel") and objectors ("Objectors' counsel"), following the settlement of the underlying class action litigation. Because the parties are familiar with the history of this case, we will not recount it here.

### I

The objectors appeal the district court's award of attorneys' fees to Plaintiffs' counsel, arguing that the mandate pronounced by a prior panel of this court, *Wininger v. SI Management L.P. ("Wininger I")*, 301 F.3d 1115 (9th Cir.2002), precluded the district court from awarding fees for any work that did not contribute to stopping the 1996 Plan. Plaintiffs' counsel vigorously disagrees with this interpretation.

District courts must carry out the terms of a mandate, and may not " 'vary it or examine it for any other purpose than execution.' " *United States v. Cote*, 51 F.3d 178, 181 (9th Cir.1995) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414 (1895)). However, " 'under certain circumstances, an order issued after remand may deviate from the mandate if it is not counter to the spirit of the circuit court's decision.' " *United States v. Perez*, 475 F.3d 1110, 1113 (9th Cir.2007) (quoting *United States v. Kellington*, 217 F.3d 1084, 1092–93 (9th Cir.2000)). *See also Cassett v. Stewart*, 406 F.3d 614, 621 (9th Cir.2005) ("[T]he

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court's decision was neither 'foreclosed by' nor 'counter to the spirit' of our mandate in *Cassett I* because we did not specifically address the issue of procedural default ....") (internal citation omitted).

In order to determine the precise scope of the mandate, the full opinion issued by the appellate court "may be consulted to ascertain what was intended by its mandate." *Sanford Fork & Tool,* 160 U.S. at 256, 16 S.Ct. 291. *See also Lindy Pen Co. v. Bic Pen Corp.,* 982 F.2d 1400, 1404 (9th Cir.1993) (noting that the panel conducted "a thorough reading of the decision as a whole" in discerning the mandate). As this court has summarized, "in construing a mandate, the lower court may consider the opinion the mandate purports to enforce as well as the procedural posture and substantive law from which it arises." *Kellington,* 217 F.3d at 1093.

■ Although the objectors' construction of our prior decision is certainly a very plausible reading of our prior opinion, we cannot say that the district court committed reversible error in its interpretation of the holding. In *Wininger I,* we concluded that the lodestar method of determining fees—not the percentage method—was the appropriate methodology and that the district court did not clearly err in determining that the withdrawal of the 1997 Plan did not confer additional benefits on the class. The district court concluded that our prior opinion did not address specifically the propriety of awarding fees, under the lodestar method, for work performed in furtherance of additional benefits—apart from any work performed in stopping the 1997 Plan—conferred on the class following the withdrawal of the 1996 Plan. This conclusion was not an unreasonable construction of the prior panel's holding. Accordingly, we decline to hold that the district court exceeded the scope of the mandate upon remand in awarding fees.

The objectors also argue that the district court failed to identify the ancillary benefits conferred on the class by Plaintiffs' counsel after the withdrawal of the 1996 Plan. In both its October 2004 and February 2005 Orders, the district court provided a clear explanation of its reasons for the fee award and identified those benefits to the class that formed the basis for fees awarded following the withdrawal of the 1996 Plan. *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1213 (9th Cir.1986). It also bears noting that the district court properly avoided awarding duplicative fees and fees for hours spent on any work other than stopping the 1996 Plan or providing the identified ancillary benefits.

## II

Plaintiffs contest the award of fees to Objectors' counsel on the basis that the due process rights of certain class members were violated because the unnamed class members were not notified and that the district court's explanation of the fee award was inadequate. The due process claim fails because the plaintiffs, who served in a representative capacity for the class, received notice. This satisfies the due process requirements of notice.

■ Plaintiffs did not challenge the fee award before the district court. Therefore, Plaintiffs have waived the argument on appeal. Although Plaintiffs' counsel objected to the fees before the district court in their own capacity, counsel lack standing in their own right to object to their opponent's fees.

■ Even assuming we could exercise our discretion to review the award under *Zucker v. Occidental Petroleum Corpora-*

*tion,* 192 F.3d 1323, 1328–29 (9th Cir.1999), we decline to do so in this case. The district court has spent countless hours in this complex case in examining the fee requests of both parties. After careful review of the district court's methodology and findings, we are satisfied that the district court engaged in the proper independent review of fee awards required in this type of litigation. *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1052 (9th Cir.2002).

### III

For these reasons, we affirm the judgment of the district court in its entirety.

**AFFIRMED.**