**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Reyes RAMOS–RUIZ,**
**Defendant–Appellant.**

**No. 06–10161.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 27, 2007 *.

Filed Aug. 31, 2007.

Ronald C. Rachow, Esq., USRE—Office of the U.S. Attorney, Reno, NV, Robert L. Ellman, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Cynthia S. Hahn, Esq., FPDNV—Federal Public Defender's Office, Dan Maloney, Federal Public Defender, Reno, NV, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Jose Reyes Ramos–Ruiz appeals from the district court's order reaffirming his sentence following limited remand under *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ramos–Ruiz contends that the district court erred in failing to resentence him following this Court's limited remand pursuant to *Ameline.* We conclude that the district court was bound by this Court's mandate, *see United States v. Perez,* 475 F.3d 1110, 1114 (9th Cir.2007), and therefore did not err in failing to conduct a new sentencing hearing, because it determined that it would not have imposed a materially different sentence, *see Ameline,* 409 F.3d at 1084.

Ramos–Ruiz also contends that the district court erred by failing to consider some of the factors set forth in 18 U.S.C. § 3553(a). However, review of a district court's decision not to resentence a defendant following a remand pursuant to *Ameline* is limited to whether "the district [court] properly understood the full scope of [its] discretion" following *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Combs,* 470 F.3d 1294, 1297 (9th Cir.2006). We conclude that the record reflects that the district court "understood [its] post-*Booker* authority to impose a non-Guidelines sentence." *See id.*

Ramos–Ruiz's further contentions are foreclosed under the doctrine of law of the case, *see Old Person v. Brown,* 312 F.3d 1036, 1039 (9th Cir.2002), and because the "[t]he limited remand procedure left no room for the district judge to consider new objections to the original sentence," *see Combs,* 470 F.3d at 1297.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.