**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Harlon B. JORDAN, Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Kurt J. Myrie, Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Dominic A. Davis, aka Dominic Anthony Davis, Defendant—Appellant.**

Nos. 08–10205, 08–10206, 08–10233.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 2, 2009.*

Filed Nov. 5, 2009.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elizabeth A. Olson, Esquire, Assistant U.S., U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Lisa A. Rasmussen, Esquire, Law Offices of Lisa A. Rasmussen, Las Vegas, NV, for Defendant–Appellant.

Before: HAWKINS and THOMAS, Circuit Judges, and KORMAN,** District Judge.

## MEMORANDUM ***

Defendants Dominic Davis ("Davis"), Harlon Jordan ("Jordan"), and Kurt Myrie ("Myrie") appeal their convictions and Myrie his sentence for conspiracy to commit bank robbery, armed bank robbery, and brandishing a firearm during and in relation to a crime of violence, all arising in connection with the June 2006 robbery of the Colonial Bank in Las Vegas, Nevada. We affirm.

## I. Appeal Nos. 08–10205 and 08–10233 (Defendants Davis and Jordan)

### A. Special Verdict Forms

■ The district court properly instructed the jury on the crimes charged and on the various theories of liability (e.g., substantive liability, aiding and abetting, Pinkerton[1]). The court did not abuse its discretion or violate due process by denying the request for a special verdict form to ascertain on which theory the jury convicted because the theory underlying the conviction made no practical difference. Moreover, contrary to defendants' suggestion, under the instructions given, the jury could not have convicted if it believed Myrie's testimony. Even under an aiding and abetting theory for Count 2, the jury would have to find that defendants directly facilitated or encouraged the use or carrying of a firearm in connection with the bank robbery, thus necessarily rejecting Myrie's testimony that the other defendants did not even know about the robbery until the police stopped the car and the contents of the trash bag were scattered.

■ Nor did the district court need a special verdict form to determine whether the jury found the defendants brandished a firearm; "brandishing" is a sentencing factor, not an element of the crime, and is properly found by the court rather than the jury. *See Harris v. United States*, 536 U.S. 545, 567–68, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002); *United States v.*

---

** The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

*Washington,* 462 F.3d 1124, 1137–40 (9th Cir.2006).

### B. Prosecutorial Misconduct

■ With the exception of an isolated statement about stealing the sense of security from the bank tellers (to which the court sustained counsel's objection), the remaining statements in summation of the closing were not the sort of improper appeals to "make a statement," "protect the community" or "preserve civil order" that we have found objectionable. *See United States v. Leon–Reyes,* 177 F.3d 816, 823 (9th Cir.1999). Rather, the prosecutor's closing argument was acceptable argument based on reasonable inferences from the evidence that the case against defendants was too strong to believe Myrie's testimony and, therefore, the jury should not let the defendants "off the hook." *See United States v. Sullivan,* 522 F.3d 967, 982 (9th Cir.2008) (prosecutor has "considerable leeway" to strike hard blows based on evidence). In any event, even if the comments were improper, they were harmless beyond a reasonable doubt in light of the significant evidence against the defendants, who were caught red-handed with the money within minutes of the robbery. *United States v. Weatherspoon,* 410 F.3d 1142, 1151 (9th Cir.2005).

### C. Evidence of Federal Insurance

■ There was sufficient evidence that Colonial Bank was FDIC insured on the date of the robbery. In addition to submitting a 1998 insurance certificate, a bank employee testified that the branch was FDIC insured on the day of the robbery. *United States v. Ware,* 416 F.3d 1118, 1121 n. 2 (9th Cir.2005); *cf. United States v. Holloway,* 259 F.3d 1199, 1201–02 (9th Cir. 2001) (where no witness testified that the credit union was insured at the time of the robbery).

### II. Appeal No. 08–10206 (Defendant Myrie)

### A. Double Jeopardy

■ The district court did not err by sentencing Myrie for violations of both 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c). We have previously concluded that imposing consecutive sentences under both statutes does not violate the Double Jeopardy Clause. *United States v. Browne,* 829 F.2d 760, 766–67 (9th Cir.1987).

### B. "Brandishing" Under § 924(c)

■ The district court did not clearly err in sentencing Myrie for brandishing a firearm based on his guilty plea and factual admissions during the plea colloquy. At the change of plea hearing, Myrie clearly admitted that "at the bank, [he] pulled out [his] gun in a threatening matter, [he] brandished the gun." *United States v. Beaudion,* 416 F.3d 965, 968 (9th Cir.2005) (a firearm is brandished if openly displayed for the purpose of intimidation).

### C. Confrontation Clause

■ The district court did not violate the Confrontation Clause by basing an upward departure on hearsay evidence regarding Myrie's past criminal conduct. As Myrie acknowledges, we have previously held that the Confrontation Clause does not apply to sentencing. *United States v. Littlesun,* 444 F.3d 1196, 1199–1200 (9th Cir.2006). The evidence presented to the court had the requisite "minimal indicia of reliability" and was, therefore, properly considered. *Id.*

### D. Due Process and Reasonableness

■ The district court did not violate due process or Myrie's right to a jury trial by increasing Myrie's criminal history based on uncharged conduct. Judicial

factfinding does not violate the Sixth Amendment under an advisory guideline system. *See United States v. Ameline*, 409 F.3d 1073, 1077–78 (9th Cir.2005) (en banc). The court did not violate due process by finding by clear and convincing evidence that Myrie had participated in three uncharged robberies, especially in light of the significant proof of Myrie's involvement (including robbery photographs depicting Myrie, which were independently reviewed by the sentencing judge).

The district court did not arbitrarily increase Myrie's criminal history, but appeared to follow the approach suggested by *United States v. Azure*, 536 F.3d 922, 932 (8th Cir.2008): "to assign hypothetical criminal history points to the conduct that did not result in convictions, and then determine what the appropriate criminal history category would be." Finally, to the extent Myrie claims his sentence is unreasonable, the district court adequately considered the sentencing factors in 18 U.S.C. § 3553(a) and adequately explained its reasons for imposing Myrie's sentence. *See United States v. Carty*, 520 F.3d 984 (9th Cir.2008) (en banc).

**AFFIRMED.**